**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

ANTHONY C. DIXON,

Plaintiff,

Case No. 8:26-cv-02543

v.

DEMAND FOR A JURY TRIAL

CHARTER COMMUNICATIONS, INC. d/b/a SPECTRUM,

Defendant.
_____________________________________/

# COMPLAINT

Plaintiff ANTHONY C. DIXON ("Plaintiff"), by and through the undersigned, complains as to the conduct of CHARTER COMMUNICATIONS, INC. d/b/a SPECTRUM ("Defendant"), as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action for damages under the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. § 227, and the Florida Consumer Collection Practices Act ("FCCPA") pursuant to Florida Statute § 559.55, for Defendant's unlawful conduct.

## JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. § 1692 and 28 U.S.C. §§ 1331

and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for Plaintiff's state law claim pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant conduct business, and a substantial portion of the events or omissions giving rise to the claims occurred within the Middle District of Florida.

## PARTIES

4. Plaintiff is a natural person over 18-years-of-age residing in Haines City, Florida, located in the Middle District of Florida.

5. Defendant is a major telecommunication corporation that provides telecommunications and cable services to consumers across the country, including those in the state of Florida. Defendant is a corporation organized under the laws of the state of Delaware with its principal place of business located at 400 Washington Blvd., Stamford, Connecticut 06902.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSE OF ACTION

7. The instant action arises out of Defendant's attempts to collect upon a purported cable services debt ("subject consumer debt") that Plaintiff's roommate ("Melody") allegedly owes.

8. The subject consumer debt was an alleged obligation arising from a transaction for personal, family, or household purposes.

9. Although Plaintiff's phone number was provided to Defendant with respect to the cable services agreement, he is not listed as a party of the cable services account.

10. Eventually, Melody moved out of the apartment where Plaintiff resides.

11. Despite not being a party listed in the cable services agreement, Plaintiff began receiving calls to his cellular phone number, (863) XXX-1365, from Defendant, seeking collection of the subject consumer debt.

12. At all times relevant to the instant action, Plaintiff has been the sole subscriber and operator of the cellular phone associated with the number ending in -1365. Plaintiff is, and always has been, responsible for the phone and its associated services.

13. Defendant have primarily used the phone number (844) 206-9035 when placing collection calls to Plaintiff's cellular phone, but upon belief, Defendant have used other phone numbers as well.

14. Upon information and belief, Defendant regularly utilize the above-referenced phone number during its debt collection activity.

15. Upon answering a call from Defendant, Plaintiff learned that it was seeking to collect on the subject consumer debt.

16. Plaintiff informed Defendant that Melody no longer resided at the cable services location, and that he no longer wanted to receive calls related to the cable services agreement, as he was not part of that agreement.

17. Rather than treat Plaintiff with any respect and abide by his demands, Defendant instead continued these calls and engaged in a collection campaign in an unfair and harassing manner.

18. Defendant has persisted in making numerous collection phone calls to Plaintiff's cellular phone, including upwards 5 calls in one day, consecutive days in a row, up until the filing of this Complaint.

19. Defendant also placed numerous collection calls and voicemails to Plaintiff's cellular phone using a pre-recorded messages.

20. Defendant's collection efforts were designed to harass Plaintiff and squeeze sums of money from a consumer who had otherwise made clear that she did not want Defendants calling him regarding the subject consumer debt.

21. Frustrated, distressed, and concerned over Defendants' conduct, Plaintiff spoke with the undersigned regarding his rights, exhausting time, resources, and expenses.

22. Plaintiff has been unfairly and unnecessarily harmed by Defendant's actions.

23. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies

unwanted collection telephone calls, voicemails and emails, emotional distress, unwanted harassment, and numerous violations of his state and federally-protected interests to be free from harassing and abusive debt collection conduct.

## COUNT I - VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. 227

24. Plaintiff restates and realleges paragraphs 1 through 23 as though fully set forth herein.

25. The TCPA, pursuant to 47 U.S.C. 227(b)(1)(A)(iii), prohibits "any call (other than a call made for emergency purposes or made with prior express consent of the called party) using any automatic telephone dialing system or an artificial or pre-recorded voice" to "any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call." *Barr v. Am. Ass'n of Political Consultants,* 140 S. Ct. 2335, 2334 (2020) (emphasis added).

26. Defendant violated 47 U.S.C. 227(b)(1)(A)(iii) because it placed or caused to be placed numerous non-emergency calls, including but not limited to the calls referenced above, to Plaintiff's cellular phone numbers using an automatic telephone dialing system ("ATDS") or an artificial or pre-recorded voice without Plaintiff's consent.

27. As pled above, Defendant utilized an artificial or pre-recorded voice when contacting Plaintiff on her cellular telephone.

28. Upon information and belief, based on the lack of prompt human response during the phone calls in which Plaintiff answered, and the pre-recorded messages used by Defendant in Plaintiff's voicemails, Defendant used pre-recorded voice technology to place calls to Plaintiff's cellular phone.

29. Upon information and belief, the pre-recorded voice technology employed by Defendant plays a pre-recorded message once a human voice is detected, thus resulting in a lengthy pause after the called party speaks into the phone.

30. Defendant's initial authorization and right to use Plaintiff's cell phone was revoked once Plaintiff demanded for a discontinuance of receiving all contacts and phone calls in connection with the subject debt, including Defendant's automated communications made to Plaintiff's cellular phone. Yet, Defendant continued to place unauthorized phone calls to Plaintiff's cellular phone using automated technology.

31. Plaintiff was severely harmed by Defendant's unauthorized calls to her cellular phone using pre-recorded voice technology.

32. Upon information and belief, Defendant has no system in place to document and archive whether it has consent to contact consumers on their cellular phone.

33. Upon information and belief, Defendant has no policies and procedures in place to honor cease-call requests made by consumers.

34. Upon information and belief, Defendant knew its collection practices were in violation of the TCPA, yet continued to employ them to maximize efficiency, profits, and revenue.

35. As a result of Defendant's violations of 47 U.S.C. 227(b)(1)(A)(iii), Plaintiff is entitled to receive $500.00 in damages for each violation.

36. As a result of Defendant's knowing and willful violations of 47 U.S.C. 227(b)(1)(A)(iii), Plaintiff is entitled to receive up to $1,500.00 in treble damages for each violation.

WHEREFORE, Plaintiff, ANTHONY C. DIXON, respectfully requests that the Arbitrator enter judgment in his favor as follows:

a. Declare Defendant's practices against Plaintiff as unlawful and violate the aforementioned statutes and regulations;

b. An order enjoining Defendant from placing further unlawful calls to Plaintiff;

c. An award of $500.00 in damages for each violation;

d. An award of treble damages up to $1,500.00 for each violation; and

e. Awarding any other relief as the Arbitrator deems just and appropriate.

## COUNT IV – VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT, FLA. STAT. § 559.72(7)

37. Plaintiff restates and realleges paragraphs 1 through 23 as though fully set forth herein.

38. Plaintiff is a "consumer" as defined by Fla. Stat. § 559.55(8).

39. Defendant is a "debt collector" as defined by Fla. Stat. § 559.55(7).

40. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due, or asserted to be owed or due, to others.

41. The subject debt is a "consumer debt" as defined under Florida Statute § 559.55(6).

42. Pursuant to Fla. Stat. § 559.72(7), a debt collector may not "[w]illfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family."

43. Defendant violated § 559.72(7) through its harassing and abusive phone call campaign directed towards Plaintiff's cellular phone. Plaintiff had made clear that he wished that the persistent collection calls to stop, as he did not want anything to do with the cable services agreement as he was not a party to the agreement. However, Defendant consciously ignored that directive in an effort to compel Plaintiff's payment on the subject consumer debt. The nature and pattern of Defendant's phone calls, including the placement of upwards 5 calls in one day, along with the nature of Plaintiff's prior conversations with Defendant, illustrate that

it persisted in repeatedly contacting Plaintiff with the willful intent of harassing Plaintiff through its continued collection efforts.

WHEREFORE, Plaintiff, ANTHONY C. DIXON, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Entering judgment in Plaintiff's favor and against Defendant;

b. Awarding Plaintiff actual damages in an amount to be determined at trial pursuant to the Fla. Stat. § 559.77(2);

c. Awarding Plaintiff statutory damages of $1,000.00 pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. § 559.77(2);

d. Awarding Plaintiff equitable relief, including enjoining Defendants from further violations, pursuant to Fla. Stat. § 559.77(2);

e. Awarding Plaintiff costs and reasonable attorneys' fees pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77(2);

f. Awarding Plaintiff any other relief that this Honorable Court deems equitable and just.

**Plaintiff demands trial by jury.**

Dated: August 31, 2026

Respectfully Submitted,

*/s/ Travis P. Lampert*
Travis P. Lampert, Esq.
Counsel for Plaintiff
Sulaiman Law Group, LTD
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Telephone: (630) 581-5456
Fax: (630) 575-8188
tlampert@atlaslawcenter.com